Porter, J.
This suit was brought to recover the amount of a judgment formerly obtained against Rogers, one of the defendants, who being arrested on a capias ad satisfaciendum, gave bond, with security, to remain in the prison bounds of the jail of the city of New-Orleans. This bond, it has been alleged, has been broken, as Rogers was seen without the limits.
The answer alleged, that the bond was taken at a time when Rogers was in restraint and illegal custody; the writ of ca. sa. having issued after the said Rogers, as well as one W. H. Crocker, his partner in trade, had obtained a stay of all proceedings, and made a surrender of their estate, for the benefit of their creditors; among whom was Russell, the plaintiff in the suit.
*589 East’n District.
April, 1821.
The defendant, in support of this answer, produced a record of the proceedings of W. H. Crocker & Co. vs. their creditors.
This application was made, it appears, in the name of one of the partners, W. H. Crocker, and a question arises, whether this is a sufficient discharge for each of the partners of the said firm, to protect their persons from arrest.
As in a commercial or ordinary partnership, each of the partners is bound, in solido, for the debts contracted. It follows, as a consequence, that in case of failure, each partner must make a full and complete disclosure of all his property, whether it forms a part of the company funds, or remains in his possession, and assign it for the benefit of his creditors; until this step is taken, all are not discharged, and the individual who neglects it, remains responsible. Were it otherwise, the partnership might be insolvent, while the members composing it, had the means of discharging the debt.
Examining the record, it appears, that only one of the partners of the house of Croker & Co. made this application, and a disclosure of the property he held; he alone, therefore, can enjoy the benefit of it.
*590 But the defendants shew, that subsequent to these proceedings, Rogers filed a petition to make a cession of his property; that a meeting of his creditors was called, the cession accepted, and the proceedings duly homologated by the judge. This, if regularly granted, would, in my opinion, have been a good and valid discharge, which might have been plead as a bar to his suit. But from the record, it does not appear that the present plaintiff was put on the schedule as a creditor. This is a fatal objection, and renders it unnecessary to examine the other points made in the cause. The whole proceedings were to him res inter alios acta, and he cannot be bound by them, nor be deprived of his legal rights, by an order of court discharging his debtor, in a suit to which he was not a party.
To avoid the force of this objection, the defendants proved, that although the present plaintiff was not inserted among the creditors of Rogers, yet that he was among those of Crocker & Co. This is only presenting, in another shape, the question, whether these proceedings could avail Rogers. I have already stated, that they could not.
Preston for plaintiff, Morse for defendants.
I am therefore of opinion, that the judgment of the district court be annulled, avoided and reversed, and that this court proceed to give such judgment, as, in my opinion, the district court ought to have given; should order, adjudge and decree, that the plaintiff do recover of the defendants, the sum of $389 41 cents, with interest on $334 66 cents, from the 20th of February, 1820, until paid, and that the appellees pay costs in both courts.